UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN J. THOMAS, | ) |
| | ) |
| Plaintiff, | ) No. 17 C 752 |
| | ) |
| v. | ) Magistrate Judge M. David Weisman |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Benjamin J. Thomas brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying his application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff applied for benefits on May 8, 2013, alleging a disability onset date of June 1, 2000. (R. 82, 93.) His application was initially denied on September 4, 2013, and again on reconsideration on March 10, 2014. (R. 93, 105.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on September 17, 2015. (R. 50-81.) On October 29, 2015, the ALJ issued a decision finding plaintiff not disabled. (R. 13-25.) The Appeals Council declined to review the decision (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his application date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of "organic mental disorder (neurodevelopmental disorder), major depressive disorder, and personality disorder." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (R. 16.) At step four, the ALJ found that plaintiff has no past relevant work but has the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels" but is limited to "simple work [with] simple work-related decisions" and "no interaction with the general public." (R. 18, 24.) At step five, the ALJ determined that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 24-25.)

Plaintiff contends that the ALJs credibility determination is flawed. Last year, the Commissioner issued new guidance for evaluating symptoms in disability claims, which "eliminate[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Though SSR 16-3p was issued after the ALJ's decision in this case, it is appropriate to apply it here because it is a clarification of, not a change to, existing law, *see Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993) (stating that courts give "great weight" to an agency's expressed intent to clarify a regulation), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999), and is substantially the same as the prior regulation. *Compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).

The ALJ said that plaintiff's "reports of poor memory and focus," "limited education," "struggles with social functioning in the community," and "generally poor learning ability while in school" were "credible and supported by record evidence." (R. 22.) But the ALJ did not believe that these issues limited plaintiff's ability to work because:

> . . . . [Plaintiff] testified that he has applied for jobs, but that employers always have a way to find out about his criminal record. He testified that he might become distracted or have problems interacting with people on the job due to obsessions and compulsions, as well as his feelings of being judged by others. He indicated that somewhat solitary work, such as assembly line work, is not likely to be available to him because these jobs are largely in the suburbs. In other words, [plaintiff] attributes his inability to work to his criminal history and to his lack of transportation rather than to impairment-related symptoms.

(*Id.*)

The issue is not, however, why plaintiff thinks he cannot find a job, but how, if at all, his impairments impact his ability to work. Moreover, as the ALJ acknowledged, plaintiff testified that his obsessions and compulsions negatively impact his ability to concentrate and interact with others. (*Id.*) Further, though the ALJ did not acknowledge it, plaintiff also testified that: (1) he cannot work because his math and reading abilities are so poor that he cannot read a map or fill out a job application on his own (R. 65-66); (2) his "focus is just so off," that he is not sure he could perform an assembly line job (R. 69); (3) he is so depressed that he "can't really be sociable with people" (R. 72); (4) he has auditory hallucinations (R. 76-77); and (5) he sometimes thinks about harming himself (R. 78). Plaintiff's medical records corroborate his testimony. (*See* R. 288-89 (consultative examiner stating that plaintiff's "depression is fairly constant," his memory and concentration are "very poor," he hears voices telling him to "'take chances'" with regard to his "pedophilia issues," he "essentially cannot read at all," and he "stays to himself and does not maintain social relationships"); R. 274-75 (psychiatric evaluation stating that plaintiff is paranoid, depressed, has pedophiliac fantasies, and a Global Assessment of

4

Functioning ("GAF")[1] score of 35-38); R. 297-98 (psychiatric evaluation stating that plaintiff feels "down, sad, depressed," rated his mood as a 0 on 0-10 scale, and has auditory hallucinations).) In short, because the ALJ's determination that plaintiff is not "entirely credible" (R. 22) is not supported by substantial evidence the case must be remanded for a new credibility determination. *See Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("An erroneous credibility finding requires remand unless the claimant's testimony is incredible on its face or the ALJ explains that the decision did not depend on the credibility finding.").

Plaintiff also contends that the ALJ's RFC determination is erroneous. The Court agrees. The ALJ found plaintiff to have "moderate difficulties" in social functioning. (R. 17.) To address this issue, the ALJ incorporated in the RFC the limitation that plaintiff "should have no interaction with the general public." (R. 18.) The RFC does not, however, address limiting plaintiff's contact with co-workers and supervisors, though there is evidence that plaintiff would have problems interacting with both. (*See* R. 90, 102 (agency doctors opining that plaintiff "could interact with others sufficiently in a work setting with reduced social demands"); R. 181 (plaintiff's sister-in-law stating that plaintiff does not get along well with authority figures and "cannot get along with other workers").) Because the ALJ does not explain why the RFC only limits plaintiff's social interactions with the general public and does not address limitations with co-workers and supervisors and the reason for the partial limitation is not otherwise apparent from the record, the limitation is not supported by substantial evidence. The case must, therefore, be remanded for a new determination of plaintiff's RFC. (*See* R. 80 (vocational expert

---

[1] The GAF scale, which goes from 0-90, "is a hypothetical continuum of mental health-illness used to determine psychological, social, and occupational functioning." *Bartrom v. Apfel*, No. 00-149, 2000 WL 1412777, at *1, n.3 (7th Cir. Sept. 20, 2000) (quotation omitted). As relevant here, a score of 31-40 indicates "some impairment in reality testing or communication or major impairment in several areas such as work, family relations, and judgment." *Id.*

testifying that there would be no work available for a person who is "occasionally unable to interact appropriately with coworkers or respond appropriately to supervision).)[2]

Plaintiff's last argument, that the ALJ did not fulfill his duty to ensure there was a complete record, is unavailing. As the Seventh Circuit has said:

> An ALJ does have a duty to develop a claimant's medical record, and thus may be required to consult medical advisors where that record appears to be incomplete. 20 C.F.R. § 416.912(d) (2000); *Henderson v. Apfel*, 179 F.3d 507, 513 (7th Cir. 1999). However, the primary responsibility for producing medical evidence demonstrating the severity of impairments remains with the claimant. 20 C.F.R. § 416.912(c) (2000). Further, we have recognized that, because it is always possible to identify one more test or examination an ALJ might have sought, the ALJ's reasoned judgment of how much evidence to gather should generally be respected. *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994).

*Flener ex rel. Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004). The record shows that plaintiff received special education services before he dropped out of school at age thirteen, was unable to obtain a GED, reads at less than a first grade level and has math skills at a second grade level, and has a "very severe learning disability." (R. 65, 71, 211, 289, 291.) Given this evidence and the fact that plaintiff was represented by counsel, the Court cannot say that the ALJ's failure to obtain IQ testing for plaintiff was "a significant, prejudicial omission . . . compelling reversal." *Flener*, 361 F.3d at 449; *see Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007) (a claimant represented by counsel is presumed to have made his best case before the ALJ); (*see also* R. 13 (identifying counsel of record for plaintiff)).

---

[2] Having determined that the case must be remanded for a new RFC determination, the Court need not address plaintiff's alternative argument that the RFC is flawed because it does not properly account for his deficits in concentration.

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [17], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                              **ENTERED:  August 15, 2017**

_____
**M. David Weisman**
**United States Magistrate Judge**